UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 16 CR 259 |
| vs. | ) | |
| | ) | Judge Robert W. Gettleman |
| MYISHA L. LEONARD | ) | |

**THE UNITED STATES' MOTION TO EXCLUDE
EXPERT TRACY L. COENEN OR, ALTERNATIVELY,
COMPEL PRODUCTION OF RULE 16(b)(1)(C) MATERIALS**

The United States of America, through its attorney, John R. Lausch, Jr., United States Attorney for the Northern District of Illinois, respectfully submits this motion to exclude defense expert Tracy L. Coenen from testifying at trial or, alternatively, compel the immediate production of her Rule 16(b)(1)(C) materials. For the reasons set forth below, the government respectfully requests that the Court grant its motion.

## Introduction

Defense concerns over insufficient time to prepare an expert witness caused the postponement of trial in this case last fall. The rescheduled trial is in a month, two weeks have lapsed since the Court's November 22, 2019 expert disclosure deadline, yet the defense has not disclosed so much as a curriculum vitae for their expert, forensic accountant Tracy L. Coenen. Moreover, defense counsel's descriptions of Coenen's anticipated testimony suggest that expert-related motion practice (including *Daubert*) may follow. The Court should exclude Coenen or compel immediate production of her report in order to avoid a further postponement of trial.

## Background

This tax preparer fraud case was set for trial to begin on September 23, 2019. Dkt. 44. The government disclosed IRS Revenue Agent Matthew J. Kron as a potential expert witness on September 6, 2019, and described his expected scope of testimony on that date. The government had previously disclosed Kron as a witness on May 30, 2019. Kron will testify about what effect certain tax return entries identified in the indictment had on tax liability and refunds, as well as providing basic background about the preparation and filing of tax returns. The government disclosed Kron's draft exhibits on September 11, 2019 and provided further detail regarding Kron's qualifications and testimony as requested by defense counsel. Later, the government disclosed revised versions of those exhibits.

The parties convened for a final pretrial conference on September 18, 2019. Defense stated that the timing of the government's disclosure of materials relating to Kron had hampered its ability to prepare for trial and to retain its own expert. In light of these concerns, the Court continued the trial to January 2020. Dkt. 60.

Three weeks later, defense sought Criminal Justice Act funds to retain Tracy L. Coenen, a forensic tax accountant, to present expert opinion testimony on behalf of the defense. Dkt. 63. The Court promptly granted that motion. Dkt. 65. At the November 5, 2019 pretrial hearing, the government expressed concern that no defense expert disclosures had been made (as well as no defense exhibit list proffered). Defense counsel stated that it expected to receive an expert report by November 15, 2019. The Court ordered expert disclosures to occur by November 22,

2019, and for the parties to finalize witness and exhibit lists by December 4, 2019. Dkt. 66.

The defense did not disclose a written summary of Coenen's expected testimony by November 22, 2019. Rather, on that day, defense contacted the government and explained that it had yet to receive an expert report and expected to receive it by November 27, 2019. The defense further stated it could not locate expert Coenen's CV but directed the government to Coenen's website, which includes marketing materials related to Coenen's services and basic biographical information.[1] Defense stated that Coenen's testimony would cover three areas: (1) whether defendant Leonard was required to corroborate taxpayer representations; (2) whether Leonard's alleged misrepresentations were willful; and (3) certain tax calculations. At the government's request, defense counsel agreed to provide Coenen's report to the government on November 27, 2019, and to provide an expert disclosure soon after.

November 27 came and went without an expert report or disclosure. The government followed up with defense counsel late in the day on November 27, 2019. Defense counsel responded on December 2, 2019, and stated that no expert report had been prepared, Coenen was currently out of the country, there was a time zone difference, and that the report would be produced "very shortly." Defense counsel did not commit to a date certain for production.

---

[1] Defense counsel specifically directed the government to http://www.sequenceinc.com/about/tracy-coenen-forensic-accountant-and-fraud-investigator/.

### Argument

Where, as here, the defense has requested that the government disclose a summary of anticipated expert testimony and the government has complied, the defense has an obligation to reciprocate. Fed. R. Crim. P. 16(b)(1)(C). Specifically, the defense must provide the government "a written summary of any testimony that the defendant intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence as evidence at trial." *Id.* As explained in Rule 16(a)(1)(G), an expert summary should include "the witness's opinions, the bases and reason for those opinions, and the witness's qualifications." The point of the rule is to ensure that both sides know what an expert's testimony will cover in order to allow for adequate trial preparation. *United States v. Vargas*, 915 F.3d 417, 421 (7th Cir. 2019). Here, the Court recognized this obligation and set a firm date for honoring it: all expert disclosures were due by November 22, 2019. Dkt. 66.

Defense has not met its obligation because it has not disclosed a written summary of Coenen's expected areas of testimony. While defense did provide the government with an oral summary of expected testimonial topics during the November 22, 2019 telephone call, that summary fell well short of the mark. It was too general to provide adequate notice, did not identify what opinions would be offered (just topics that would be addressed), and did not identify bases or reasons for any opinions. Where a defendant fails to meet its expert disclosure obligations, the court has wide latitude to craft an appropriate sanction, including barring the expert. Fed. R. Crim. P. 16(d)(2)(C); *Vargas*, 915 F.3d 420-21 (upholding district court's exclusion

of a defense expert whose identity was disclosed but for whom no expert summary was provided).

Further, defendant's oral summary of her expert's testimony identified two topics that will likely be the subject of briefing and a potential *Daubert* challenge. First, defense counsel indicated that Coenen might seek to offer an opinion on whether Leonard's alleged misrepresentations were willful. The Federal Rules of Evidence prohibit such testimony. Rule 704(b) states that "an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone."

Second, counsel stated that Coenen may offer testimony as to whether the IRS required Leonard to corroborate taxpayer clients' representations when preparing their tax returns. It is far from apparent what qualifications and industry experiences Coenen—a forensic accountant—has to qualify her to opine on regulations or industry standards governing tax preparers' practice before the IRS. Likewise, the government would likely subject to close scrutiny whatever methodology Coenen may have relied on in reaching her opinion on this topic and may seek to challenge whether that methodology meets the criteria of reliability set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).

## **CONCLUSION**

For the reasons set forth above, the United States respectfully moves the Court to exclude Tracy L. Coenen's testimony or, alternatively, compel the immediate production of her Rule 16(b)(1)(C) materials.

Respectfully submitted,

JOHN R. LAUSCH, JR.
United States Attorney

by:  /s/ Michael J. Kelly
     Michael J. Kelly
     Carol A. Bell
     Assistant United States Attorneys
     219 South Dearborn Street, 5th Floor
     Chicago, Illinois 60604
     (312) 353-8898

- 6 -